# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN THOMAS o/b/o C.T., a minor, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-07-2043 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff filed an application for Supplemental Security Income payments on behalf of her minor son. The application was denied initially and upon reconsideration. The ALJ conducted a hearing and denied benefits, and the Appeals Council denied review. Subsequently, the plaintiff filed this action seeking judicial review. This court reversed the Commissioner's decision and remanded the case for further proceedings.

Counsel for the plaintiff has moved for an award of attorney's fees under the EAJA, 28 U.S.C. § 2412(d). (Docket Entry No. 24). The Commissioner does not object to an award of reasonable fees but asserts that the plaintiff's request for an award of $5,791.00, based on 38.90 hours of work at an hourly rate of $163.40, suffers from two problems. First, the number of hours sought is excessive and not justified. Second, the plaintiff seeks the same hourly rate for work performed in 2006, 2007, and 2008.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Squires-Allman v. Callahan,* 117 F.3d 918, 920 n.1 (5th Cir.1997); *Milton v. Shalala,* 17 F.3d 812, 813 n. 1 (5th Cir.1994).

These requirements have been met in this case. In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Because this court remanded the plaintiff's case under sentence four of 42 U.S.C. § 405(g), she is the prevailing party. The Commissioner does not contend that the government's position was substantially justified. An award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. The first issue is whether the hours claimed by the plaintiff's attorney are reasonable or excessive. *See Hall v. Shalala,* 50 F.3d 367, 368 (5th Cir.1995).

According to the fee application, the plaintiff's counsel spent 20.5 out of the 38.90 hours submitted in researching the various issues. The Commissioner challenges the reasonableness of 16 of these hours. The Commissioner asserts that the issues in this suit were limited to the ALJ's credibility analysis and whether the child's impairment functionally equaled a listed impairment. The Commissioner argues that the "plaintiff's counsel has made no attempt to meet his burden of showing why the additional 16.00 hours for additional research was reasonable." (Docket Entry No. 26).

This court has reviewed the file and finds that the Commissioner's objection is valid in part. The plaintiff submitted little information in support of the fee application. There is no response to the Commissioner's objection to 16 of the hours claimed for research. But a review of the file reveals that the facts and issues presented in this case were not simple. As a result, this court finds that of the 16 research hours the Commissioner challenges, 10 were reasonably spent in additional research into the issues presented in the case. The number of hours is reduced from 38.9 to 32.9 hours.

The EAJA provides that attorney's fees may not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that the statute allows for cost of living adjustments. *Baker*, 839 F.2d at 1084. "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living . . . in a particular locale that would justify an increase in the fee, then an increase should be granted." *Id*. The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has

been used to determine the appropriate amount for cost of living increases under the EAJA. *See Bode v. United States,* 919 F.2d 1044, 1053 n. 8 (5th Cir.1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney's fee rate was appropriate).

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas,* 950 F.2d 1066, 1076 (5th Cir.1992). The EAJA fees must be adjusted yearly because to do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1077.

The plaintiff's attorney worked a total of 1.50 hours on this case in 2006, 0.75 hours in 2007, and 30.65 hours in 2008. The Commissioner has submitted that the appropriate hourly rates are $158.75 in 2006; $160.00 in 2007; and $163.40 in 2008. The plaintiff has not objected to these rates. Accordingly, the appropriate fees are $238.12 in 2006; $120.00 in 2007; and $5,008.21 in 2008, for a total fee award of $5,366.33.[1]

SIGNED on January 26, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] The plaintiff sought $5,719.00 for 38.9 hours at an hourly rate of $163.40. The arithmetic appears wrong: $163.40 x 38.9 hours is $6,356.26.